United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRISKIT, INC,

Plaintiff,

v.

REALNETWORKS, INC., and LISTEN.COM,

Defendant.
_______________________________________/

No. C 03-5085 FMS

**TENTATIVE CLAIM CONSTRUCTION ORDER**

Plaintiff Friskit has alleged that RealNetworks, Inc. ("Real") has infringed several of its patents related to integrated technology featuring streaming media.

The parties presented oral argument addressing the proper construction of twelve disputed claim terms per patent at the *Markman* hearing held on April 12, 2005. By earlier order, dated March 4, 2005, the Court limited the parties to six claim terms each. The Court has considered the oral argument, written briefs, supporting declarations and exhibits and hereby issues its tentative order construing the disputed claim terms. This tentative order will be adopted as the claim construction ruling unless one of the parties files a written request for a hearing within ten (10) days of this tentative order. If one of the parties requests a hearing, the parties are to meet and confer regarding a date for the hearing and then schedule it with the courtroom deputy (415-552-3018). The Court does not anticipate taking any further evidence on the construction but would allow each side forty-five minutes to explain why changes should or should not be made to the tentative ruling.

United States District Court
For the Northern District of California

## I. CLAIM CONSTRUCTION LEGAL STANDARD

Patent claim construction and interpretation is a question of law, determined by the Court. *Markman v. Westview Instrs., Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996). To properly construe the terms, a court first looks to the intrinsic evidence, including the wording of the claims and the specifications and drawings. *See Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001). Claim terms should be understood and construed in the context of one another. *Apex, Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1371 (Fed. Cir. 2003). At claim construction, words should be given their ordinary meanings, unless the patent specifications clearly indicate otherwise. *Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1580 (Fed. Cir. 1995). Further, a claim term must not be narrowed unless the patent language clearly narrows the scope of the meaning. *See SunRace Roots Enter. Co. v. SRAM Corp.*, 67 USPQ2d 1438, 1442-43 (Fed. Cir. 2003). Only after the Court considers intrinsic evidence may it resort to the extrinsic, i.e. expert testimony, treatises and other materials. *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1308 (Fed. Cir. 1999).

## II. CONSTRUCTION OF CLAIM TERMS

| Claim Term 1 | Construction |
|---|---|
| Client Module | A module that is installed and executed on a user-terminal. |

The parties have agreed to, and the Court adopts, the above construction for the term "client module."

//

//

//

//

| Claim Term 2 | Construction |
|---|---|
| Media Resource | At least one media file including audio, video or combinations thereof, capable of being loaded into a user accessible playback component. |

The Court agrees with Friskit that media resource may consist of one, or several files. As discussed at oral argument, an example of a media resource is a movie, which may contain several separate files that function together.

The Court disagrees with Friskit that the definition should include the limitation of "streaming media." Friskit did not limit its patent to streaming technologies, but included references to loading media on the client terminal, which may be considered a description, or variation of, downloading. *See* '648 Patent 4:8-11. Thus, the technology includes, but is not limited only to, streaming media.

| Claim Term 3 | Construction |
|---|---|
| network server module | a module located on the server-side in a client-server network, capable of performing a stated task or function. |

The parties have agreed to the construction of "module," therefore, the remaining disagreement ties to the location of the network server module. Although Friskit argued that the module could be located on the server, client or both, the Court is persuaded by Real's arguments pertaining to the location of the network server software.

Although it may be true that the network server *hardware* may be installed on virtually any system, including a server or client terminal, when discussing the network server software, the module cannot exist on both the server and client side. Thus, the Court construes the term to describe the"server-side" as the location. Real Brief at 23. As discussed at the *Markman* hearing, "server-side" and "network-side" are virtually identical.

//

//

United States District Court
For the Northern District of California

| Claim Term 4 | Construction |
| --- | --- |
| Search Module | A module that uses a database on the server-side in order to identify search results and communicate those results to a playback component on the user terminal. |

The parties have agreed to the construction of "module;" thus, the construction of this term primarily addresses the "search" feature and the location of the search module.

The Court understands the term to describe the process by which the search module communicates with a database to locate particular results. This communication occurs with a database on the server-side. To avoid future confusion, and because "server-side" and "network-side" are the same, the Court adopts "server-side" as part of the construction of the term.

As discussed, the Court adopts a construction that does not include the limitation of "streaming media."

| Claim Term 5 | Construction |
| --- | --- |
| Search Request | A transmission that communicates a search based on user specified criteria to identify media files. |

As discussed at oral argument, the parties virtually agree to the construction proposed by Friskit, with the exception of the inclusion of "streaming media." As previously discussed, the Court disagrees with this limitation and omits it from the construction.

| Claim Term 6 | Construction |
| --- | --- |
| Search Criteria | Information based on text or words entered by a user for the purpose of identifying matching media resources and/or associated information. |

The parties have agreed to, and the Court adopts, the above construction for the term "search criteria."

| Claim Term 7 | Construction |
| --- | --- |
| Address(es) | Identifiers unique to the location where specific information is stored. |

An identifying address must be unique to a particular location. This construction is consistent with the patent language that implies that address is unique. *See* 628 Patent 3:2-3 ("Each address locates a media network resource on the network."); *id.* 3:23-25 ("Each media network resource is locatable on the network by a corresponding address that accesses the media network resource.").

| Claim Term 8 | Construction |
| --- | --- |
| Associate/associates | to connect or relate |

The Court adopts a construction that comports with the reasonable and ordinary meaning of the term "associates." This construction is not indefinite.

Given the plain meaning of the term, Real's proposed construction is too constrictive and inappropriately narrow.

| Claim Term 9 | Construction |
| --- | --- |
| Media | A combination of video and/or audio. |

The Court adopts Friskit's construction of the term, taken directly from the patent specifications. Although Real argued to include additional examples that could essentially limit the term if incorporated into the construction, the Court rejects such a construction. When read in the context of the patent, the construction is best limited to "a combination of video and/or audio." 467 Patent 11:21-22. Even though the definition further describes several different examples of video, such examples must not limit the construction of the term. *See SunRace Roots*, 67 USPQ2d at 1442-43.

//

//

| Claim Term 10 | Construction |
| --- | --- |
| Media resource locator/identifier | An identifier for locating and ascertaining a particular media resource. |

Friskit has described this term as involving identifiers to locate particular media resources, similar to metadata, *see* Friskit Brief at 2, and this description appears consistent with the patent language.

The Court adopts a construction that comports with the plain meaning of locate and identify in the context of ascertaining a particular media resource.

| Claim Term 11 | Construction |
| --- | --- |
| Set of Media Resources | A collection of media resources each satisfying one or more search criteria. |

The parties primarily disagree on the language "is established" that was removed from Friskit's earlier construction as set out in the Joint Claim Construction. Aside from this language, the parties essentially agree on the Court's construction.

The "is established" language fails to add meaning to the claim term, and is eliminated from the Court's construction.

| Claim Term 12 | Construction |
| --- | --- |
| Substantially Automatically | |

The Court agrees with Real that the addition of "substantially" to the claim term is inherently ambiguous, and any reasonable construction of the term would contain the same vagueness. Thus, this term is indefinite.

//

//

//

//

//

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

## III. CONCLUSION

The Court construes the subject term definitions for the reasons articulated above, and issues this ORDER subject to possible amendment, as set forth on page one of this Order.

**IT IS SO ORDERED**

Dated: April 29, 2005

______________/s/__________________
FERN M. SMITH
UNITED STATES DISTRICT JUDGE