United States District Court<br>For the Northern District of California

1
2
3                           IN THE UNITED STATES DISTRICT COURT
4                          FOR THE NORTHERN DISTRICT OF CALIFORNIA
5
6
7  FRISKIT, INC,                                    No. C 03-5085 FMS
8         Plaintiff,
                                                    **CLAIM CONSTRUCTION ORDER**
9     v.
10 REALNETWORKS, INC., and LISTEN.COM,
11        Defendant.
                                            /
12
13     Plaintiff Friskit has alleged that RealNetworks, Inc. ("Real") has infringed several of
14 its patents related to integrated technology featuring streaming media.
15     The parties presented oral argument addressing the proper construction of twelve
16 disputed claim terms per patent at the *Markman* hearing held on April 12, 2005. By earlier
17 order, dated March 4, 2005, the Court limited the parties to six claim terms each. The
18 Court considered the oral argument, written briefs, supporting declarations and exhibits and
19 issued a Tentative Order construing the patent terms on April 29, 2005. The Tentative
20 Order allowed the parties to request a hearing to address specific issues with the Order.
21 Friskit requested a hearing, held May 20, 2005. The Court has considered the additional
22 briefing and oral argument and adopts the following claim construction.
23                        **I. CLAIM CONSTRUCTION LEGAL STANDARD**
24     Patent claim construction and interpretation is a question of law, determined by the
25 Court. *Markman v. Westview Instrs., Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (*en*
26 *banc*), *aff'd,* 517 U.S. 370 (1996). To properly construe the terms, a court first looks to
27 the intrinsic evidence, including the wording of the claims and the specifications and
28

drawings. *See Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001). Claim terms should be understood and construed in the context of one another. *Apex, Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1371 (Fed. Cir. 2003). At claim construction, words should be given their ordinary meanings, unless the patent specifications clearly indicate otherwise. *Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1580 (Fed. Cir. 1995). Further, a claim term must not be narrowed unless the patent language clearly narrows the scope of the meaning. *See SunRace Roots Enter. Co. v. SRAM Corp.*, 67 USPQ2d 1438, 1442-43 (Fed. Cir. 2003). Only after the Court considers intrinsic evidence may it resort to the extrinsic, i.e. expert testimony, treatises and other materials. *Pitney Bowes, Inc. v. Hewlett-Packard Co.,* 182 F.3d 1298, 1308 (Fed. Cir. 1999).

## II. CONSTRUCTION OF CLAIM TERMS

| Claim Term 1 | Construction |
|---|---|
| Client Module | A module that is installed and executed on a user-terminal. |

The parties have agreed to, and the Court adopts, the above construction for the term "client module."

| Claim Term 2 | Construction |
|---|---|
| Media Resource | At least one media file including audio, video or combinations thereof, capable of being loaded into a user accessible playback component. |

The Court agrees with Friskit that media resource may consist of one, or several files. This interpretation is supported by the patent language. *See* '628 Patent 11:26-28 ("The media network resource includes files that can be loaded into the media playback component to output media.").

The Court disagrees with Friskit that the definition should include the limitation of

2

1   "streaming media." Friskit did not limit its patent to streaming technologies, but included

2   references to loading media on the client terminal, which may be considered a

3   description, or variation of, downloading. *See* '648 Patent 4:8-11. Thus, the technology

4   includes, but is not limited only to, streaming media.

| Claim Term 3 | Construction |
|---|---|
| network server module | a software module located on the server-side in a client-server network, capable of performing a stated task or function. |

The parties have agreed to the construction of "module," therefore, the remaining disagreement ties to the location of the network server module. Although Friskit argued that the module could be located on the server, client or both, the Court is persuaded by Real's arguments pertaining to the location of the network server software.

Although it may be true that the network server *hardware* may be installed on virtually any system, including a server or client terminal, when discussing the network server software, the module cannot exist on both the server and client side. Further, compared to the broad definition of module, "a program, a portion of a program, a subroutine or a software or hardware component located on the client side, server side or a combination thereof that is capable of performing a stated task or function," the term network server implicitly modifies, and limits, the term module by locating it on the server side. Without this modification, the term "network server module" would have an understanding virtually the same as "module." Thus, the Court construes the term to describe the "server-side" as the location. *See* Real Brief at 23.

As discussed at the *Markman* hearing, "server-side" and "network-side" are virtually identical.

//
//
//
//

**United States District Court**
For the Northern District of California

| **Claim Term 4** | **Construction** |
|---|---|
| Search Module | A module that uses a database in order to identify search results and communicate those results to a playback component on the user terminal. |

The parties have agreed to the construction of "module;" thus, the construction of this term primarily addresses the "search" feature and the location of the search module.

The Court understands the term to describe the process by which the search module communicates with a database to locate particular results. This communication can occur with a database on either the client or the server side.

As discussed, the Court adopts a construction that does not include the limitation of "streaming media."

| **Claim Term 5** | **Construction** |
|---|---|
| Search Request | A transmission that communicates a search based on user specified criteria to identify media files. |

As discussed at oral argument, the parties virtually agree to the construction proposed by Friskit, with the exception of the inclusion of "streaming media." As previously discussed, the Court disagrees with this limitation and omits it from the construction.

| **Claim Term 6** | **Construction** |
|---|---|
| Search Criteria | Information based on text or words entered by a user for the purpose of identifying matching media resources and/or associated information. |

The parties have agreed to, and the Court adopts, the above construction for the term "search criteria."

| **Claim Term 7** | **Construction** |
|---|---|
| Address(es) | Identifiers unique to the location where specific information is stored. |

An identifying address must be unique to a particular location. This construction is consistent with the patent language that implies that address is unique. *See* 628 Patent 3:2-3 ("Each address locates a media network resource on the network."); *id.* 3:23-25 ("Each media network resource is locatable on the network by a corresponding address that accesses the media network resource.").

| **Claim Term 8** | **Construction** |
|---|---|
| Associate/associates | to connect or relate |

The Court adopts a construction that comports with the reasonable and ordinary meaning of the term "associates." This construction is not indefinite.

Given the plain meaning of the term, Real's proposed construction is too constrictive and inappropriately narrow.

| **Claim Term 9** | **Construction** |
|---|---|
| Media | A combination of video and/or audio. |

The Court adopts Friskit's construction of the term, taken directly from the patent specifications. Although Real argued to include additional examples that could essentially limit the term if incorporated into the construction, the Court rejects such a construction. When read in the context of the patent, the construction is best limited to "a combination of video and/or audio." '467 Patent 11:21-22. Even though the definition further describes several different examples of video, such examples must not limit the construction of the term. *See SunRace Roots*, 67 USPQ2d at 1442-43. The Court sees no benefit in listing some or all of the many examples included in the patent. *See* '467 Patent 11:21-22.

5

| **Claim Term 10.1** | **Construction** |
|---|---|
| Media Resource Identifier | Information such as a song title, an author, or a media URL which assists in searching a database for a particular media resource file location. |

The Court separates claim term ten into two separate terms: media resource identifier and media resource locator.

Media resource identifier describes characteristics such as song title, artist or URL, *see* '628 Patent 12:51-63. These identifiers help to locate particular media resources through a search function.

| **Claim Term 10.2** | **Construction** |
|---|---|
| Media Resource Locator | A unique identifier for locating and ascertaining a particular media resource. |

As described in the patents, the Court finds no discernable difference between the terms "media resource locator" and "address." *See* '467 Patent Claim 28, 41:8-9 ("a database comprising a plurality of addresses, each address locating a media resource on the network..."); '648 Patent Claim 1, 15:41-49 ("a search module that signals a search request to a first network site to receive a search result, and in response to receiving the search result, identifies a plurality of media resource locators for locating media resources on the network...").

| **Claim Term 11** | **Construction** |
|---|---|
| Set of Media Resources | A collection of media resources each satisfying one or more search criteria. |

The parties primarily disagree on the language "is established" that was removed from Friskit's earlier construction as set out in the Joint Claim Construction. Aside from this language, the parties essentially agree on the Court's construction.

Given its ordinary meaning, "is established" is neither a limitation on the claim

6

term, nor a necessary component of the term "set of media resources," and is eliminated from the Court's construction.

| Claim Term 12 | Construction |
|---|---|
| Substantially Automatically | Largely, but not wholly, without human intervention. |

Although the Court does not consider the adopted construction to be necessarily helpful, the caselaw weighs in favor of *not* finding the term "substantially automatically" indefinite. *See LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc.*, 275 F.3d 1347, 1354 (Fed. Cir. 2001). The Court adopts a construction consistent with *LNP Engineering*.

### III. CONCLUSION

The Court construes the subject term definitions for the reasons articulated above.

**IT IS SO ORDERED**

Dated: May 20, 2005  _____/s/_____
FERN M. SMITH
UNITED STATES DISTRICT JUDGE