United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRISKIT, INC., | No. C 03-5085 FMS |
| Plaintiff, | **ORDER DENYING DEFENDANT'S REQUEST TO FILE RECONSIDERATION MOTION** |
| v. | |
| REALNETWORKS, INC., and LISTEN.COM, | |
| Defendants. | |

Defendant RealNetworks filed a letter on June 6, 2005, requesting the Court allow it to file a motion requesting that the Court reconsider its earlier construction of the term "substantially automatically." The Court allows Real to submit the letter request,[1] construes it as a motion requesting leave to file a motion for reconsideration, pursuant to Local Rule 7-9(a), and DENIES the request.

In its letter, Real asserts two main arguments: 1) that Friskit should not be allowed to recapture what it earlier disclaimed to the PTO and 2) that *ex parte Oetiker*, 23 USPQ2d 1651 (Bd. Pat. App. & Int'f 1991), *aff'd*, 951 F.2d 1267, 23 USPQ2d 1661 (Fed. Cir. 1991) should be persuasive on the issue of whether the word "substantially" is impermissibly vague. For the reasons below, the Court rejects these arguments.

---

[1] Pursuant to the Court's Order, dated April 5, 2005 (Document Number 167), parties are prohibited from filing letter briefs, motions or procedural requests without the permission of the Court.

Real's first argument essentially asserts that because Friskit arguably disclaimed the substantially automatic functionality in order to procure its patent, it must now be barred from including the substantially automatic functionality as part of the claim construction. Although it is true that "the doctrine of prosecution disclaimer is well established," and a claim's construction must be developed in the context of other claims or references that have been previously eliminated, this doctrine is not applied if the alleged disavowel is unclear or ambiguous. *Omega Engineering Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323-24 (Fed. Cir. 2003). The evidence submitted by Real fails to support the assertion that Friskit clearly and unambiguously disavowed all instances of manual link clicking.

Given this ambiguity, Real's argument related to Friskit's arguable disavowel is inappropriate at this stage of the claim construction. Real is not, however, foreclosed from re-asserting the argument at a later, more appropriate time, e.g. during the infringement or validity phase.

Real's second argument also fails. Although the case of *Oetiker* may be instructive in holding "substantially" to be indefinite, the Court believes the recent Federal Circuit case *LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc.*, 275 F.3d 1347 (Fed. Cir. 2001) is more authoritative and entitled to deference.

For the foregoing reasons, the Court DENIES RealNetwork's request for leave to file a motion for reconsideration of the Court's Claim Construction Order filed May 20, 2005.

**IT IS SO ORDERED.**


Dated: June 7, 2005                                    /s/
                                            FERN M. SMITH
                                            UNITED STATES DISTRICT JUDGE

2