IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRISKIT, INC., | No. C 03-5085 WWS (MEJ) |
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF ROBERT GLASER |
| REALNETWORKS, INC., and LISTEN.COM., | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is parties' joint letter dated July 14, 2005.  Plaintiff Friskit, Inc. ("Plaintiff")  moves the Court for an order to compel defendants RealNetworks, Inc. and Listen.com (collectively "Defendants") to produce Robert Glaser, Real's CEO, for deposition.

## II. BACKGROUND

**A.     Plaintiff's Arguments**

Plaintiff contends that Mr. Glaser is one of the named inventors on a patent Defendants intend to use in their invalidity claim.  Plaintiff further contends that Mr. Glaser has made public statements and admissions pertaining to how the accused instrumentalities function and that relate directly to the novelty of the patents-in-suit.  Moreover, Plaintiffs argue that, as the founder of Real,  Mr. Glaser has direct knowledge of Plaintiff's damages claim.  For all these reasons, Plaintiff argues that Mr. Glaser possesses unique knowledge.  Therefore, Defendants should be compelled to produce Mr. Glaser for a deposition.

**B**.     **Defendants' Arguments**

On the other hand, Defendants argue that Plaintiff is not automatically entitled to take a deposition of a high-level corporate officer.  Rather, Defendants contend that Plaintiff must demonstrate that the high-

level corporate officer has "unique personal knowledge" of the matters in issue. Parties' Joint Letter Mot. to Compel at 3. Defendants further argue that Plaintiff has not made any such showing because the information sought from Mr. Glaser can be obtained elsewhere. Therefore, Defendants state that Mr. Glaser does not posses any "unique personal knowledge."

### III.  DISCUSSION

"'A strong showing is required before a party will be denied entirely the right to a deposition.'" First United Methodist Church of San Jose v. Atlantic Mutual Ins.. Co., No. C-95-2243 DLJ, 1995 WL 566026, at *2 (N.D. Cal. September 19, 1995). Moreover, Federal Rule of Civil Procedure 26(c) state, in pertinent part:

> "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."

Therefore, in order for a moving-party to successfully argue on its motion for a protective order, it is required to carry a heavy burden of showing why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

The defendants in Blakenship argued that the deposition of George Hearst, publisher of the Herald-Examiner, should be denied because what Mr. Hearst had to offer would be "repetitious with what plaintiff had learned from other sources." Id. The Blakenship court found that defendants' objections did not meet the heavy burden required under Rule 26(c).

Here, as in Blakenship, Defendants have not met their heavy burden of establishing why the motion to compel should be denied and, instead, why a protective order should be entered. Defendants argue that there are several other named inventors on the patents for their invalidity claim. Defendants argue that these other inventors should be deposed before Mr. Glaser is made to appear for a deposition.

Under the liberal discovery principles of the Federal Rules, the issue is not so much whether Plaintiff has made a showing why Mr. Glaser's deposition should be taken, but rather, whether Defendants have made a strong showing of why Mr. Glaser's deposition *should not* be taken. Id. Here, Plaintiff has

established that: 1) Mr. Glaser has relevant information regarding the company he founded; 2) Mr. Glaser is one of the named inventors on Defendants' invalidity contentions; and 3) Mr. Glaser has made several statements in press releases and at the launch RealOnePlayer.  Therefore, Plaintiff has made a showing that Mr. Glaser has information that is relevant, and thus why Mr. Glaser should be deposed.

On the other hand, Defendants have not established why Mr. Glaser's deposition would be an "annoyance, embarrassment, oppression, or undue burden or expense" to them as required under Rule 26(c).  Accordingly, the Court hereby GRANTS Plaintiff's Motion to Compel the deposition of Robert Glaser.

IT IS SO ORDERED.

Dated:  August 12, 2005

_____
MARIA-ELENA JAMES
United States Magistrate Judge