IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRISKIT, INC., | No. C 03-5085 WWS (MEJ) |
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER PREVENTING CAMERON PRICE AND MICHAEL LARSON FROM ACCESSING CONFIDENTIAL MATERIALS |
| REALNETWORKS, INC., and LISTEN.COM., | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is a letter dated July 22, 2005 from defendants RealNetworks, Inc. and Listen.com (collectively "Defendants"), and a response letter dated July 27, 2005 from plaintiff Friskit, Inc. ("Plaintiff"). Defendants move this Court for a protective order preventing Cameron Price and Michael Larson from accessing confidential materials.

## II. BACKGROUND

As an initial matter, the Court notes that the parties have failed to submit a joint discovery dispute letter regarding the issue at hand. Rather, contrary to this Court's standing order regarding discovery disputes, the parties submitted individual letters. In the future, if parties fail to abide by this Court's standing order, and continue to fail to submit joint discovery letters, the Court shall not hear the matter.

The current dispute before this Court ensued when Plaintiff identified two individuals, Michael Larson ("Larson") and Cameron Price ("Price"), as its independent experts. Larson is a former employee

of Plaintiff, while Price is a former employee of Defendants. The Court will address Defendants' narrowly tailored request for a protective order preventing Larson and Price from accessing confidential materials.

**A.      Defendants' Arguments**

The Protective Order specifically contemplates that a non-party individual who is to review confidential information be "independent." Defs.' Letter at 2. Defendants advocate for a broad construction of the term "independent." Defendants contend that Price is not independent because he is a former employee of Defendants. Defendants further argue that Price is subject to an "Employee Development and Confidentiality Agreement" that prevents him from conveying "to any third party information describing any Confidential Information or Trade Secret without Defendants' prior written authorization, even after termination of his employment. Defs.' Letter at 2. For these reasons, Defendants argue that Price should be precluded from accessing Defendants' confidential information.

Defendants also argue that Larson should be precluded as well. In support of their argument, they state, "as a former Friskit [Plaintiff] employee, Mr. Larson *may* own stock in the company and/or retain working relations with individuals such as...Friskit's former CEO." Defs.' Letter at 3 (emphasis added). Defendants further state, "Mr. Larson *may* wield some influence over company direction." Defs.' Letter at 3 (emphasis added).

**B**.      **Plaintiff's Arguments**

On the other hand, Plaintiff argues that Defendants do not offer any evidence for their assertion that Larson has any ties with Plaintiff. Rather, Plaintiff argues that Defendants simply speculate as to Larson's ties with Plaintiff by stating that Larson "may own stock" or "might" have some kind of a working relationship with Plaintiff. Pl.'s Letter at 2. Without more, Plaintiff states that Defendants have failed to meet their burden of proof for the motion.

Plaintiff also states that Defendants' arguments with respect to Price is illogical. First, Plaintiff argues that while Price was previously exposed to the confidential information during his employment with Defendants, he is now denied the same information. Pl.'s Letter at 2. In addition, Plaintiff states that while Price was trustworthy to receive this information working for Defendants, he is less trustworthy to receive it now. Pl.'s Letter at 2. There is no evidence to support a contention that Price is now untrustworthy.

## III. DISCUSSION

**A.      Standard of Review**

Access to confidential information turns on the individual's "actual" activity and relationship with the party. Carpenter Technology Corporation v. Armco, Inc., 132 F.R.D. 24, 27 (E.D. Pa. 1990).  In determining whether to qualify an expert as "independent" under the terms of a protective order, the court should consider and weigh the following factors: (1) the experts's position within the receiving party's business as an officer, director, shareholder or employee; (2) the extent of regular employment, consultation or association with the receiving party; (3) the expert's present involvement in the receiving party's competitive decisions including participation in or advise related to research; (4) the potential for future involvement of the expert in the receiving party's competitive decisions; (5) if the expert is deemed disqualified as "independent," the individual's willingness to curtail or forego future involvement with the receiving party. Digital Equipment Corp. v. Micro Technologies, Inc., 142 F.R.D. 488, 491 (D. Colo. 1992).

In other words, the ultimate focus of the "court's decision should rest upon considerations of the individual's relationship to or status within the receiving party's business, the likelihood of that relationship continuing, and the feasibility of separating either the knowledge gained or the individual from future competitive endeavors." Id. at 491.

**B.      Whether Larson Qualifies as an Independent Expert**

Here, there is no evidence that Larson meets any of the five factors outlined in Digital Equipment Corp. Id.  Moreover, Larson has not occupied a position with Plaintiff for over four years.  In addition, Defendants have not submitted any evidence that Larson is involved with Plaintiff's competitive decision making.  Without more, the Court declines to grant Defendants' motion for protective order preventing Larson from accessing confidential materials.

**C.      Whether Price Qualifies as an Independent Exert**

In the same way, Defendants do not support their contention regarding Price.  Defendants argue that Price is not an "independent" expert, as required by the protective order, because he was previously in Defendants' employ.  The mere fact that Price was Defendants former employee does not automatically bar

3

Price from being an "independent" expert. Carpenter Technology, 132 F.R.D. at 27.  Here, again, Defendants do not support their contention with specific facts.  Rather, Defendants rely on the existence of an employee confidentiality agreement for precluding Price access to Defendants' confidential information.  However, the terms of the employee agreement provides against any *unauthorized disclosure by Price* of Defendants' confidential information, not authorized *access to Price* the same information.  As the motion before the Court relates to the latter, the Court will not address the issue of the employee confidentiality agreement which may prevent Price from disclosing confidential information to third parties.[1]

Much of the confidential information at issue is the same information that Price has already had access to while working for Defendants.  Price's work during his employment with Defendants exposed him to a large amount of trade secret information, more specifically, to the source code, which is the apparent basis for Price's expertise.  The motion at hand requests an order preventing Price from seeing the same information he already has seen.  The evidence does not support the contention that Price is not independent, i.e., involved in Plaintiff's competitive-decision making.  In addition, Price does not meet the five factors outlined in Digital Equipment.  142 F.R.D. at 491.  Price's only connection to Defendants is the mere fact of being a former employee.  Therefore, without more evidence to support Defendants contention regarding Price, the Court is unwilling to grant Defendants motions.

### IV. CONCLUSION

The Court hereby DENIES Defendants motion for protective order preventing Larson and Price from accessing confidential information.

IT IS SO ORDERED.

Dated: September 12, 2005

MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] Defendants request a protective order preventing Price and Larson from *accessing* confidential information.  Assuming deadlines have not yet passed, Defendants are free to file other motions to prevent Price from disclosing confidential information or to bar Price as an expert witness altogether, pursuant to the employee confidentiality agreement.