IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRISKIT, INC., | No. C 03-5085 WWS (MEJ) |
| Plaintiff, | ORDER RE: MOTION TO COMPEL |
| vs. | |
| REALNETWORKS, INC., and LISTEN.COM., | |
| Defendants. | |

Before the Court is parties' joint discovery dispute letter dated August 15, 2005. Parties dispute over whether defendants Realnetworks, Inc. and Listen.com (collectively "Defendants") are entitled to inspect plaintiff Friskit, Inc.'s ("Plaintiff") storage locker. Parties also dispute over whether Plaintiff has failed to produce certain patent prosecution materials or failed to explain why they are missing from its production. The Court shall address each issue below.

**Whether Defendants have the right to inspect Plaintiff's storage lockers**

Federal Rule of Civil Procedure 34 states, in relevant part:

> Any party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents...or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served.

On June 27, 2005, Defendants served Plaintiff with a Notice of Inspection seeking to inspect the storage locker. Defendants state that Plaintiff has shown an inability to locate certain documents. Defendants point to several incidents where Plaintiff stated it had no documents and then, subsequently,

1 produced them. Moreover, Defendants argue that Plaintiff is no longer in business, thus the inspection
2 would not be disruptive. Parties' Joint Letter at 3. Defendants further contend that Plaintiff's entire business
3 is centered on the technology that it now accuses Defendants of infringing. Id. For these reasons,
4 Defendants argue that the materials in the storage locker would likely lead to discovery of admissible
5 evidence. Id. Therefore, Defendants request an order directing Plaintiff to make its storage locker
6 available for inspection pursuant to Federal Rule of Civil Procedure 34.

7    The Court is satisfied that Defendants have made a showing of good cause. Therefore, the Court
8 hereby ORDERS that Plaintiff make its storage locker available to Defendants for inspection, pursuant to
9 Rule 34.

**Whether Plaintiff failed to provide a written explanation as to why certain prosecution materials were missing**

After careful consideration of parties' joint discovery dispute letter dated August 15, 2005, the Court hereby ORDERS Plaintiff to provide an explanation as to why certain prosecution documents were not produced. Plaintiff shall provide said written explanation no later than September 23, 2005.

IT IS SO ORDERED.

Dated: September 16, 2005

MARIA-ELENA JAMES
United States Magistrate Judge

2