November 8, 2005

<u>VIA E-FILING AND HAND DELIVERY</u>

The Honorable Maria-Elena James
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Friskit, Inc. v. RealNetworks, Inc. et al.*, Case No. CV 03-5085-WSS
      **Motion to Compel Responses to Second Set of Interrogatories**

Dear Magistrate Judge James:

The parties submit this joint letter brief concerning Plaintiff's responses to Real's Second Set of Interrogatories. This matter has been set for hearing on November 17, 2005.

**Real's Position**: Real served Plaintiff with interrogatories on important issues regarding the validity and priority dates of Plaintiff's patents. Plaintiff told Real twice it would amend its responses to these interrogatories. Now that Real has moved to compel, Plaintiff is reneging on this promise and misrepresenting to the Court that it did not agree to amend them. This conduct should not be tolerated. Plaintiff should be ordered to provide complete responses to these documents immediately or alternatively be precluded from presenting any evidence on these issues at trial or on summary judgment

**Real's Second Set of Interrogatories Were Served Over Four Months Ago.** On June 22, 2005 Real served Plaintiff with Real's Second Set of Interrogatories. Interrogatory No. 18 asked that Plaintiff provide, in claim chart form, the written description, enablement and best mode support for each of Friskit's asserted patent claims. This interrogatory is reasonably calculated to lead to the discovery of admissible evidence regarding the validity of Plaintiff's patents under 35 U.S.C. § 112, as paragraph 1 of this section requires that to be valid, each patent claim must have written description, enablement and best mode support.

Interrogatory No. 19 requested that Plaintiff provide the written description, enablement and best mode support in Plaintiff's provisional application for each asserted claim. This interrogatory is reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claimed priority date of January 24, 2000. This is because each asserted claim claiming priority to the provisional application must have written description, enablement and best mode support in the provisional application for the priority date of the provisional application to apply.

**Friskit's response was inadequate, Friskit agreed to amend its response, then failed to do so as promised.** Friskit responded to Real's Second Set of Interrogatories on

Friday July 22, 2005.  Plaintiff's responses were insufficient for several reasons. Real sent Friskit a letter on July 25, 2005 detailing the deficiencies including that:

- Friskit's claim charts were not particularized by claim element;
- Friskit merely cited the entirety of each specification as §112 support for each claim;
- Friskit's did not specify which of portions of the specification allegedly corresponded to each of the three separate requirements for patentability under 35 U.S.C. § 112 - written description, enablement and best mode; and
- Friskit marshaled written descriptions that were filed <u>after</u> a claim to support the claim.

In the three months since it was furnished with that letter, Friskit <u>never</u> substantively responded or took issue with the July 25 letter.  In a meet and confer on August 3, Plaintiff's counsel agreed to supplement its response to address the above-noted deficiencies.  Nevertheless, Plaintiff did not supplement.  In a September 21 meet and confer, Plaintiff again agreed to amend these responses by October 9.  Again, Plaintiff did not supplement its responses.

**<u>Friskit Is Now Pulling a "Bait and Switch."</u>**  After dragging Real along for three months with repeated promises that it would provide supplemental responses, Friskit in its position statement below now for the first time denies that it ever agreed to supplement.  Plaintiff is making a blatant misrepresentation to the Court.

That Friskit did agree to supplement is amply corroborated by the correspondence trail of the parties.  At least four independent writings corroborate Friskit's promise to supplement of August 3.  Real confirmed the agreement in letters of August 15, September 14, and September 22.  And in the parties' <u>joint</u> letter to the Court of September 29, 2005, where the Court asked the parties to outline all outstanding discovery disputes Real stated as follows:

> **Responses to Second Set of Interrogatories**: Plaintiff agreed to supplement its responses to Real's Second Set of Interrogatories in a meet and confer on August 3.  Plaintiff has now indicated it will not do so until October 9.  Depending on how Plaintiff supplements its responses, Court intervention may be required.

Friskit did not take issue with this representation in that letter (though it easily could have in its portion of the letter) because Real's representation to the Court was <u>true</u>.[1] It is also telling that in the first version of its position statement for this letter brief, Friskit did *not*

---

[1] In the parties' hearing of October 31, 2005, Friskit's counsel argued that Real's four letters and the joint letter listing all the parties' discovery disputes were not written by Friskit and therefore do not evidence an agreement to supplement.  Yet, Friskit's silence in light of the five confirming writings speaks volumes. If Friskit really had refused to supplement, it presumably would not have watched idly as Real repeatedly confirmed the parties' agreement.  This nonsense argument demonstrates the manifest lack of professionalism that Friskit's counsel has repeatedly shown in this case. This lack of professionalism is further evident in counsel's reference in its letter brief to Real's repeated requests for the important information sought in these interrogatories as "incessant whining."

deny that it had agreed to supplement. It was only as an afterthought that Friskit sent a new revised version with the denial.

Moreover, if Friskit had <u>ever</u> refused to supplement, Real would have promptly moved to compel. Friskit is engaging in historical revisionism. Friskit should be held to its agreement and its late attempt to justify its failure to supplement should be rejected.

**Plaintiff's 11th Hour arguments regarding its responses are baseless**. None of Friskit's litany of legal arguments below was raised in the objections served with its insufficient responses. Nor were they raised in a meet and confer or by letter. Thus, Friskit is precluded from raising these new arguments now. In any event, its excuses are without legal basis.

In its argument, Friskit mischaracterizes the section 112 requirements, stating that the written description consists of merely the enablement and best mode requirements. (See below, Friskit referring to "written description (*i.e.* enablement and best mode)"). In fact there are three separate and distinct requirements, written description, enablement and best mode. See Chisum, Patents at § 7.01.

Friskit also argues that its written description need relate only to the "invention as a whole," and need not disclose each limitation of each claim. This too is wrong as a matter of law. "One shows that one is 'in possession' of the invention by describing the invention, <u>with all its claimed limitations</u>, not that which makes it obvious." *Lockwood v. American Airlines*, 107 F.3d 1565, 1572 (Fed. Cir. 1997). An element-by-element claim chart is required to show that each limitation of each claim is satisfied. Friskit's argument that proof of a 35 USC § 112 violation "will come entirely from *outside* the specification" is also wrong. The first words of § 112 show that it concerns what "[t]he *specification* shall contain…" (emphasis added).

Friskit's argument that somehow the presumption of validity relieves it of having to properly answer the interrogatory is also baseless. Rule 26 allows discovery on "any matter, not privileged that is relevant to the claim or defense of any party." This material is directly relevant to Real's defenses of § 112 invalidity. Indeed, Plaintiff asked Real by interrogatory to state why Real believes it does not infringe even though infringement is Plaintiff's burden. Thus, Real has every right to ask Plaintiff for its theories on validity issues.

Friskit's five asserted patents contain over 200 claims that draw upon hundreds of embodiments in the specifications. Real in its preliminary and final infringement contentions articulated which of Friskit's asserted claims Real believes do not have adequate § 112 support. As the case is moving into the dispositive motions phase, Real is now entitled to know on what basis Friskit disagrees. Friskit should therefore be ordered to immediately provide supplemental responses to Interrogatory Nos. 18 and 19 as it agreed to do long ago. Alternatively, Plaintiff should be barred from introducing any evidence at trial or on summary judgment regarding the validity of Plaintiff's patents under § 112 or the priority of Plaintiff's patents.

**Friskit's Position**

First, counsel for Friskit *never* agreed to supplement these interrogatories on either date referenced or any other date.  Friskit merely indicated that it would look at the responses, and determine if any supplementation was appropriate in view of Real's incessant whining.  The answer was that no supplementation was appropriate. Here is why.

In response to Real's Interrogatories regarding written description (*i.e.* enablement and best mode), Friskit provided a detailed claim chart that listed Friskit's position as to where in the specifications such support existed.  Because the 35 U.S.C. § 112, ¶ 1 makes no reference to enabling individual *elements* of claims, but rather the *invention* that is recited in the claim as a whole, Friskit provided its responses on a claim-by-claim basis, in claim chart format, for each asserted claim.  In fact, as explained below, Friskit provided much more than Real was entitled to, and Real has no basis to complain about the sufficiency of Friskit's responses.

Real seeks to compel wholly irrelevant information from Friskit because Real apparently misapprehends the relevant law.  Specifically, Real seeks to compel Friskit to link up portions of the patents' specifications that enable *each individual element* of each asserted claim, as well as the best mode for practicing *each individual claim element*.  Real also seeks to compel the same exercise with respect to the provisional patent applications to which the patents in suit claim priority.  In support of its position, Real provides absolutely no authority to establish the propriety of its requests, much less a single case where a party was granted what Real seeks here.  The reason for that is simple:  what Real seeks to do is waste Friskit's time and energy on what is pure and simple "make work."

Real recognizes that the issues of enablement and best mode go to whether Friskit provided an adequate written description under 35 U.S.C. § 112, ¶ 1, and thus whether the claims are valid.  However, Real's motion improperly seeks to compel Friskit to prove that which the law already presumes, and the Patent Office has already concluded: that the patents-in-suit are valid, which includes the presumption that they have complied with the requirements of 35 U.S.C. § 112, ¶ 1.  *See* 35 U.S.C. § 282.  Patent applications are examined not only for novelty, utility and unobviousness, but also for compliance with the enablement and best mode requirements.  MPEP §§ 2164.04, 2165.  Real's arguments that it needs the requested information is farcical because, as explained below, any proof of alleged failure to provide an adequate written description will come entirely from *outside* the specification.

With respect to enablement, the test is whether one of ordinary skill in the art would be unable to make and use the "full scope of the claimed invention without '*undue experimentation.*'"[2]  *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365 (Fed.

---

[2] Factors to be considered include:
        (1) the quantity of experimentation necessary,
        (2) the amount of direction or guidance presented,
        (3) the presence or absence of working examples,
        (4) the nature of the invention,

Cir. 1997) (emphasis added). Without waiving its objections and despite the irrelevance of the information sought, Friskit has already provided Real with citations to disclosure in the specification that enables the full scope of each claim. It is Real's burden to provide proof from one of ordinary skill in the art that undue experimentation is required to practice the claims, or that something is otherwise lacking. *See In re Wands*, 858 F.2d at 737.

Best mode inquiries are also focused entirely outside a patent's specification. The test for determining best mode is whether (1) the inventor knew of facts beyond the enabling disclosure (which may encompass the best mode) that would establish the best mode of practicing the invention, and (2) the specification fails to disclose the *contemplated* best mode from the perspective of one of ordinary skill in the art. *United States Gypsum Co. v. National Gypsum Co.*, 74 F.3d 1209, 1212 (Fed. Cir. 1996), *Engel Indus., Inc. v. The Lockformer Co.*, 946 F.2d 1528, 1531 (Fed. Cir. 1991). In making this determination, the Federal Circuit has explained that:

> Because the best mode provision of § 112 speaks in terms of the best mode "contemplated by the inventor," there is no objective standard by which to judge the adequacy of a best mode disclosure. Instead, only evidence of "concealment," whether accidental or intentional, is considered. The specificity of disclosure required to comply with the best mode requirement must be determined by the knowledge of facts within the possession of the inventor at the time of filing the application.

*Glaxo Inc. v. Novopharm Ltd.*, 52 F.3d 1043, 1050 (Fed. Cir. 1995) (citations omitted) (affirming district court judgment that patentee did not violate best mode requirement).

Here, Real has never established that the inventor, Aviv Eyal, knew of and concealed a better mode of practicing the claimed inventions than is set forth in each specification as a whole. Indeed, over two days of depositions of Mr. Eyal, Real never even asked about it.

In sum, the burden of proof is on *Real* to prove the claims are *not* in compliance with § 112, ¶ 1. Otherwise, having been approved and granted by the PTO, the claims are established as complying with the written description and enablement requirements. Thus, this Court should deny Real's request to have Friskit further supplement its Interrogatory responses beyond what Friskit has already provided, as the information sought is not likely to lead to the discovery of admissible evidence.

---

       (5) the state of the prior art,
       (6) the relative skill of those in the art,
       (7) the predictability or unpredictability of the art, and
       (8) the breadth of the claims.
*In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).

|  |  |
|---|---|
| Respectfully, | Respectfully, |

By:   /s/ Jeffrey A. Pine               By:   /s/ David A. Perlson  

    Michael H. Baniak                             Charles K. Verhoeven
    Jeffrey A. Pine                                  Deepak Gupta
    Anuj K. Wadhwa                            QUINN EMANUEL URQUHART
    BANIAK PINE & GANNON                  OLIVER & HEDGES, LLP
    150 N. Wacker Drive, Suite 1200        50 California Street, 22nd Floor
    Chicago, Illinois 60606                    San Francisco, California 94111
    Telephone: (312) 673-0360              Telephone: (415) 875-6600
    Facsimile: (312) 673-0361               Facsimile: (415) 875-6700

    Steven W. Flanders                            Evette D. Pennypacker
    SEYFARTH SHAW LLP                      QUINN EMANUEL URQUHART
    560 Mission Street, Suite 3100            OLIVER & HEDGES, LLP
    San Francisco, California 94105        555 Twin Dolphin Drive, Suite 560
    Telephone: (415) 397-2823              Redwood Shores, California 94065
    Facsimile: (415) 397-8549               Telephone: (650) 620-4500
                                                      Facsimile: (650) 620-4555
    Attorneys for Plaintiff

                                                             Attorneys for Defendants

50750/89089