**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRISKIT, INC.,

          Plaintiff,

  vs.

REALNETWORKS, INC., and
LISTEN.COM.,

          Defendants.

No. C  03-5085 WWS (MEJ)

**ORDER REGARDING JOINT DISCOVERY
DISPUTE LETTERS DATED NOVEMBER 8,
2005.**

Before the Court is parties' joint discovery dispute letter dated November 8, 2005.  The
parties' disputes are numerous and voluminous once again.  The Court shall address each issue
below.

## I.  JOINT LETTER RE: FRISKIT'S MOTION TO COMPEL PRODUCTION OF REAL'S SOURCE CODE AND RELATED MATERIALS

On October 6, 2005, this Court ordered the parties to meet and confer in person with the
parties experts present by Friday, October 14, 2005.  The Court ordered Plaintiff's expert to request
the source code that was necessary to the claims in the instant suit.  Defendants were to produce to
Plaintiff's expert the source code requested.  The Court ordered Plaintiff's expert to submit to the
Court a detailed declaration with certification under penalty of perjury explaining why the specific
source code requested was pertinent to the suit.  The Court warned the parties that any party acting
in "bad faith" would be sanctioned by the Court.   Finally, Plaintiff was to submit to the Court its
finalized infringement contentions within 5 days from the date of the meet and confer.

The parties submitted a joint letter brief on November 8, 2005, contesting Plaintiff's expert
assertion that the entire source code was needed.  Due to the high conflict from both sides the Court

United States District Court

For the Northern District of California

1   hereby orders as follows:

2       1.) Both parties are to independently come up with the names of two experts that have not

3   been involved in this litigation in any shape or form.  This includes, any expert the parties may have

4   consulted with in obtaining their own experts for this case.

5       2.) Both parties shall submit their respective list of experts to the Court by 5:00 p.m. on

6   December 15, 2005.  The parties are not to exchange lists or contact any expert listed.

7       3.) The Court will choose an expert from the lists provided and the expert will only answer

8   to the Court.

9       4.) The expert will be free to contact the respective parties at any appropriate time. Neither
    party shall contact the expert except:

10          a) The Plaintiff shall provide the expert with a concise statement justifying the need

11  for the production of Defendant's entire source code, as well as all relevant documents.  Plaintiff

12  shall serve the same on Defendants.

13          b) Defendants may respond within 10 days of service and serve the response to the

14  Court, expert, and Plaintiff.

15      5.) The expert will examine Defendant's Source Code to determine how much of the Source

16  Code should be produced.

17      6.) The expert will then make a recommendation to the Court.

18      7.) The Court will then issue an order based on the independent expert's recommendation

19  and papers submitted to the Court.

20      8.) The parties shall equally divide the expense.

21  **II.  MOTION TO COMPEL COMPLIANCE WITH THE COURT'S SEPTEMBER 16**

22  **ORDER**

23

24      Plaintiff was ordered to produce several patent prosecution materials.  Plaintiff claims that all

    materials have been produced while the Defendants contest that fact.  On September 16, 2005, this

25  Court order Plaintiff to "provide an explanation as to why certain prosecution documents were not

26  produced." The Court did not receive any explanation as to why these documents were not produced

27  or a certification stating that all the documents had been produced prior to the Joint Letter brief

28                                              2

United States District Court

For the Northern District of California

1  submitted on November 8, 2005.  Under these set of facts, the Court hereby ORDERS as follows:

3      1.) Plaintiff is to certify under penalty of perjury that all documents related to patent
prosecution have been produced by December 15, 2005.

5      2.)  If any documents have been withheld, Plaintiff is to provide a privilege log by December
15, 2005.

7      3.) The privilege log must comply with the F.R.C.P.

8      4.) If the Court does not receive the certification by December 15, 2005, at 5:00 p.m., this
Court will impose a sanction of $500.

**III**.  **MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS**

11      Plaintiff submitted a privilege log that defendants claimed was inadequate.  Plaintiff
amended the privilege log.  Defendants now claim that because there was a delay in the production
of the amended privilege log and the log is still deficient, the Court should find that Plaintiff waived
their privilege.  The Court hereby orders as follows:

15      1.) Defendants' request to waive privilege is hereby DENIED.

16      2.)  Plaintiffs are to explain why several documents for which an attorney client privilege is
being claimed where neither the author nor recipient is an attorney is covered by the privilege.

18      3.) Plaintiffs are to explain why the documents cited by Defendants are claimed to be
protected by  work product.

20      4.)  Plaintiffs are to explain why the documents cited by Defendants fall under the umbrella
of "created in anticipation of litigation."

22      5.)  These explanation are to be submitted to the Court by December 15, 2005, at 5:00 p.m.

23      6.) If the Court does not receive the explanations by December 15, 2005, at 5:00 p.m., this
Court will impose a sanction of $500.

**IV.  MOTION TO COMPEL RESPONSES TO SECOND SET OF INTERROGATORIES**

26      This issue pertains to whether Plaintiff should be required to amend responses to Real's
Second Set of Interrogatories.

3

**United States District Court**

For the Northern District of California

1.) This issue is taken under submission.

2.) The Court will issue an Order after consulting with the independent expert.

## V.  MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS

This dispute concerns waiver of privilege of documents extracted from Plaintiff's storage locker.

1.) The Court hereby DENIES Defendants request.

2.) The Plaintiff is hereby ordered to provide a privilege log for the 1600 files that were extracted from the storage locker or to produce them by December 15, 2005, at 5:00 p.m.

3.) If, however, Plaintiff denies the extraction of the 1600 files from the storage locker a certification under penalty of perjury shall be produced to this Court by December 15, 2005, at 5:00 p.m.

4.) If the Court does not receive the certification by December 15, 2005, at 5:00 p.m., this Court will  impose a sanction of $500.

## VI.  MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO REAL'S SETTLEMENT WITH MICROSOFT

Plaintiff request the production of documents related to the recent litigation settlement between Real and Microsoft.

1.)  The Court hereby DENIES the request.

## VII. MOTION TO COMPEL COMPLIANCE WITH COURT ORDER

A.  *REAL'S SECOND SET OF DOCUMENT REQUESTS*

1.) Plaintiff is hereby order to certify under penalty of perjury that no other documents exist.

2.) Plaintiff is to submit the certification to the Court by December 15, 2005, at 5:00 p.m.

3.) If the Court does not receive the certification by December 15, 2005, at 5:00 p.m., this Court will  impose a sanction of $500.

B. *REAL'S THIRD SET OF INTERROGATORIES*

1.) Plaintiff is hereby ordered to provide a complete response to Interrogatory 20.  Plaintiff is to describe any written or oral licenses Plaintiff was granted.  In addition, Plaintiff is to identify and

4

United States District Court

For the Northern District of California

list each specific version of RealPlayer used in Plaintiff's product.

2.) Plaintiff is hereby ordered to provide a complete response to Interrogatory 22 and specifically identify the agreements contained in the "Development Kit Agreements."

3.) Plaintiff is to comply with this order by December 15, 2005.

4.) Failure to comply with this order shall result in a sanction of $500.

## VIII. MOTION TO COMPEL COMPLIANCE WITH COURT ORDER REGARDING RFA RESPONSES

1.) The Court hereby Denies Defendants' request.

## IX. MOTION TO COMPEL COMPLIANCE WITH COURT ORDER

### A. *ORIGINAL FILES FOR THE CD PRODUCED ON AUGUST 4, 2005*

This dispute centers around the original files produced on a CD.  This Court previously ordered on October 6, 2005, "Plaintiff to produce the original files for the CD produced on August 4, 2005.  If the original files are no longer in existence, Plaintiff shall certify that a document search was performed, and all relevant documents produced, accordingly."  Compliance with the order was no later than October 14, 2005.  The Court never received such certification.  The Court Orders as follows:

1.)  Plaintiff is to certify under penalty of perjury that a search for the original files has been completed.  Files are to be produced to the defendant.  If, however, no files exist, Plaintiff is to certify that fact under penalty of perjury.

2.) The certification should be submitted to the Court by December 15, 2005, at 5:00 p.m.

3.) If the Court does not receive the certification by December 15, 2005, at 5:00 p.m., this Court will impose a sanction of $500.

### B. *PRODUCTION OF PRE-2000 DOCUMENTS*

On October 6, 2005, this Court ordered Plaintiff to produce pre-200 documents and to "certify that a document search was performed, and all relevant documents produced, accordingly." The Court never received such certification.  Based on these facts the Court hereby Orders the following:

1.) Plaintiff is to certify under penalty of perjury that a search for the documents has been

1    completed or produced to the defendant.

2         2.) The certification should be submitted to the Court by December 15, 2005, at 5:00 p.m.

3         3.) If the Court does not receive the certification by December 15, 2005, at 5:00 p.m., this

4    Court will impose a sanction of $500.

5

6

7

8        **IT IS SO ORDERED.**

9    Dated:  December 2, 2005

10                                          MARIA-ELENA JAMES
                                       United States Magistrate Judge

**United States District Court**

For the Northern District of California

6