| | |
|---|---|
| Michael H. Baniak | Charles K. Verhoeven |
| Jeffrey A. Pine | David S. Perlson |
| Anuj K. Wadhwa | Deepak Gupta |
| BANIAK PINE & GANNON | QUINN EMANUEL URQUHART |
| 150 N. Wacker Drive, Suite 1200 |   OLIVER & HEDGES, LLP |
| Chicago, Illinois 60606 | 50 California Street, 22nd Floor |
| Telephone: (312) 673-0360 | San Francisco, California 94111 |
| Facsimile: (312) 673-0361 | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| Francis Torrence | Evette D. Pennypacker |
| SEYFARTH SHAW LLP | QUINN EMANUEL URQUHART |
| 560 Mission Street, Suite 3100 |   OLIVER & HEDGES, LLP |
| San Francisco, California 94105 | 555 Twin Dolphin Drive, Suite 560 |
| Telephone: (415) 397-2823 | Redwood Shores, California 94065 |
| Facsimile: (415) 397-8549 | Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendants |
| FRISKIT, INC. | REALNETWORKS, INC. AND LISTEN.COM |

FOR THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRISKIT, INC., | CASE NO. C 03-05085 (WWS) |
|     Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| REALNETWORKS, INC., et al. | |
|     Defendants. | |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Pursuant to Federal Rule of Civil Procedure 26(c)(7), in order to protect the confidentiality of and the rights to information and documents developed and disclosed in connection with this litigation, and to facilitate discovery by and among the parties to this action and from third parties,

1. This Protective Order shall be applicable to and govern without limitation, all information, things or documents (or portions thereof) produced in response to discovery requests, subpoenas, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, stipulations, responses to requests for admission and all other discovery taken, testimony adduced at trial, matters in evidence before this Court and other information that a party, or non-party responding to a subpoena ("Designating Party"), reasonably and in good faith believes to contain confidential information or items that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c), and designates such information or items as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" which is thereafter furnished, filed or served directly or indirectly, by or on behalf of that party in connection with this proceeding. The treatment of all documents and other information so designated (collectively referred to as "CONFIDENTIAL MATERIAL") shall be governed by the terms of this Protective Order.

2. The scope of this Protective Order shall be understood to encompass not only those items or things that are expressly designated as CONFIDENTIAL MATERIAL, but also any information derived therefrom and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

3. Designation of CONFIDENTIAL MATERIAL:

1

a. A real or third party may designate as "CONFIDENTIAL" any information and/or documents which it supplies, discloses, produces, files or uses in connection with this litigation that it believes in good faith to contain confidential information that is not generally known to the public or others which it does not wish to be disclosed to the public.

b. A real or third party may designate as "CONFIDENTIAL - ATTORNEY EYES ONLY" any information and/or documents which it supplies, discloses, produces or uses in connection with this litigation that it believes in good faith to contain confidential information when it has a good faith belief that because of its heightened confidentiality and importance that the disclosure of such material to the adverse party or third parties may have a material adverse effect on the Designating Party.

4. CONFIDENTIAL MATERIAL shall be designated and marked as follows:

a. Documents: documents (including but not limited to discovery responses and court filings), and any information contained therein, may be designated as CONFIDENTIAL MATERIAL by placing the following legend, or equivalent thereof, on any such document prior to production, service or filing: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY EYES ONLY." Such legend shall be placed upon the first page of each document containing CONFIDENTIAL MATERIAL and upon each page within such document considered to contain CONFIDENTIAL MATERIAL.

b. Magnetic or Optical Media Documents: where a document is produced in a magnetic or optical media (such as floppy diskette, tape, CD-ROM or DVD-ROM), the cartridge, reel, or medium container shall be marked with the appropriate confidentiality notice as described in Paragraph 3 above. To the extent that any information contained on such media is printed, such printouts will be marked as described in Paragraph 4.a. above.

c. Physical Exhibits: the confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit designating it either "CONFIDENTIAL MATERIAL OF [Designating Party(s)]" or "CONFIDENTIAL MATERIAL OF [Designating Party(s)] - ATTORNEY EYES ONLY."

d.  Partial Designations: in the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate legend shall be placed on the answer or response and such answers or responses shall be separately produced.

e.  Deposition Proceedings: designation of specific portions of deposition transcripts (including specific exhibits) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" shall be made by a statement to such effect on the record in the course of the deposition or by subsequent written notification to all parties within twenty (20) days, which statement or notification identifies specific portions of testimony as to which protection is sought. Upon designation of the transcript on the record during the deposition, the so designated portion of the deposition shall proceed outside presence of all persons to whom access to said CONFIDENTIAL MATERIAL has been disallowed under the terms of this Protective Order. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain confidential information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the Court, and to counsel for the parties bound by the terms of this Protective Order. In the case of testimony designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" following conclusion of the deposition, all parties shall mark the appropriate legend on their copy/copies of the deposition transcript and treat the information as confidential from the date they are notified of such designation. Transcript pages containing CONFIDENTIAL MATERIAL must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

5.  Subsequent Designation of CONFIDENTIAL MATERIAL: Notwithstanding the foregoing, failure of counsel to designate and/or mark any CONFIDENTIAL MATERIAL as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" as provided above shall not preclude the disclosing party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such CONFIDENTIAL MATERIAL so

designated. After such designation, such CONFIDENTIAL MATERIAL shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation. The receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

      6.     CONFIDENTIAL MATERIAL may be disclosed only as follows:

          a.     Materials designated "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to this Protective Order, including copies thereof, extracts therefrom, compilations and/or summaries thereof and any information therein, may be disclosed only to the following persons, provided that such persons are not currently, during the course of this litigation, and will not be, for a period of one year following the conclusion of this case (including any appeals): (1) preparing and/or prosecuting any patent application (or portion thereof), whether design or utility, and either in the United States or abroad, relating to searching for, playing, recording, distributing or otherwise using streaming media, or each digital media service designed, constructed, offered for sale or sold by or on behalf of Defendants; (2) preparing patent claim(s) relating to searching for, playing, recording, distributing or otherwise using streaming media, or each digital media service designed, constructed, offered for sale or sold by or on behalf of Defendants; or (3) providing advice, counsel or suggestion regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s) relating to searching for, playing, recording, distributing or otherwise using streaming media, or each digital media service designed, constructed, offered for sale or sold by or on behalf of Defendants:

                i.     Any lawyer who serves as outside litigation counsel of record to any party to this litigation, all legal assistants, stenographic and clerical employees working under the supervision of such counsel, as long as such outside litigation counsel of record is not involved directly or indirectly with the patent issues listed in subparagraph 6.a;

                ii.     The parties' independent expert(s) or consultant(s), but only to the extent that the procedure set forth in subparagraph 6.c., below, is followed, and only to the extent

4

such independent expert or consultant is not involved directly or indirectly with the patent issues listed in subparagraph 6.a;

   iii. Any person of whom testimony is taken, where such person was the author or specified recipient of the designated material or is the present employee or expert witness for the Designating Party, or where counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain any such materials;

   iv. The Court in this proceeding, in accordance with Paragraph 14 herein;

   v. The Court's independent expert(s) or consultant(s), but only to the extent such independent expert or consultant is not involved directly or indirectly with the patent issues listed in subparagraph 6.a and has signed an ACKNOWLEDGMENT in the form attached as Exhibit A;

  b. "CONFIDENTIAL INFORMATION" pursuant to this Protective Order, including copies thereof, extracts therefrom, compilations and/or summaries thereof and any information therein, may be revealed to the persons designated in subparagraph 6.a., above, as well as to the following persons:

   i. Any named party to the litigation, including any present or former employee thereof to whom it is necessary that the designated material be shown for purposes of the litigation; and

   ii. Any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

  c. Prior to the disclosure of any CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY material to an independent expert or consultant, the disclosing party must follow the following procedure:

   i. The expert must sign an ACKNOWLEDGMENT in the form attached as Exhibit A; the party seeking to disclose the CONFIDENTIAL MATERIAL must give notice of the identity (including name, address, current résumé, and professional affiliation)

of such expert or consultant to the Designating Party at least ten (10) business days in advance of the proposed disclosure; the Designating Party shall have ten (10) business days to object in writing to such disclosure and, if necessary, to file a motion with the Court to prevent such disclosure. If the Designating Party objects in writing to such disclosure and files a motion to prevent disclosure, no disclosure shall be made during the pendency of the motion and until such time as the Court has had an opportunity to rule on the motion, or pursuant to an agreement of the parties.

        ii.     In any event, CONFIDENTIAL MATERIAL shall be disclosed to an expert or consultant only to the extent necessary for the expert or consultant to perform his or her work in connection with the litigation.

7. Where the consent of a party is required for disclosure under this Protective Order, and that consent has been refused, the party refusing to consent will ensure that it has made a good faith attempt to reach an agreement, including redacting or otherwise limiting the disclosure wherever possible.

8. All persons to whom CONFIDENTIAL MATERIAL is to be made available, except for personnel of the Court and counsel of record for the parties, shall be provided with a copy of this Protective Order and shall first acknowledge in writing that they have reviewed the terms of this Protective Order by executing the ACKNOWLEDGMENT annexed hereto as Exhibit A. Such signed ACKNOWLEDGMENTS shall be retained by counsel for the parties hereto and shall be available for inspection by the Court upon request. Similar acknowledgments shall be obtained and maintained with respect to "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEY EYES ONLY" materials provided by third parties. The persons receiving materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" are enjoined from disclosing such materials, or information contained therein, to any person, except in conformance with this Protective Order. Further, to assure effective enforcement of this Protective Order, any party hereto shall, within five (5) business days of receipt of a written request from any other party to this action, identify in writing to the requesting party all persons serving as Prosecution Counsel or Prosecution

Consultant(s) for the party receiving the request, including the names, law firm (or other corporate entity) affiliations, addresses and telephone numbers of any and all such persons.

9. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

10. Each individual who receives any materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

11. The recipient of any materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" provided under the terms of this Protective Order shall maintain such information and materials in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information.

12. CONFIDENTIAL MATERIAL shall not be made available to any person except as authorized under this Protective Order. CONFIDENTIAL MATERIAL shall not be used for any purposes other than in the prosecution or defense of claims asserted in this action. In no event shall any person receiving CONFIDENTIAL MATERIAL use it for commercial or competitive purposes, including any use in the preparation and/or prosecution of any new or pending patent application, continuation, divisional, renewal, substitute or convention application, or any portion thereof, whether design or utility, whether in the United States or abroad (including applications filed under the Patent Cooperation Treaty), or make any public disclosure of the contents thereof. Nothing contained in this Protective Order, however, shall affect the right of the Designating Party to disclose information designated solely by it under this Protective Order.

13. Protests of the designation of CONFIDENTIAL MATERIAL will occur only as follows:

a. If a party believes that material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" is not the proper subject for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, then such party shall provide to the Designating Party written notice of this disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis.

b. If the parties are unable to resolve their dispute, then the party challenging the designation may request appropriate relief from the Court. It shall be the burden of the Designating Party to establish that the contested material is confidential. In any event, unless and until a Court ruling is obtained changing a designation, or the parties agree otherwise, the material involved shall be treated according to its designation.

14. Submission of CONFIDENTIAL MATERIAL to the Court shall only be as follows:

a. A party who lodges or files any paper, pleading or exhibit containing, discussing, describing or constituting CONFIDENTIAL MATERIAL, or any documents or papers filed in opposition or reply to any sealed motion or document that constitutes, discloses, discusses, describes or quotes any portion of the contents of such CONFIDENTIAL INFORMATION, shall be submitted to the Court in compliance with Northern District of California Civil Local Rule 79-5 and this Protective Order. The parties further agree, to the extent that their pleadings or memoranda quote from, describe or make specific reference to CONFIDENTIAL MATERIAL so as to reveal the contents of such CONFIDENTIAL MATERIAL, that they will clearly designate their pleadings as containing such CONFIDENTIAL MATERIAL and will submit such pleadings and memoranda to the Court under seal pursuant to Northern District of California Civil Local Rule Civil Local Rule 79-5.

b. To the extent that such information is referenced or described in a hearing in this Court, the Court shall, in its discretion, conduct the hearing in camera, and the transcripts and the proceeding shall be sealed (and kept under seal until further order of the Court). All documents, exhibits or papers filed in connection with any proceedings related to compliance

1  with, performance under, construction of or violation of this Protective Order, shall be filed
2  under seal pursuant to Civil Local Rule 79-5.

3       c.    Nothing herein shall prevent the use of CONFIDENTIAL MATERIAL at
4  trial, nor shall it prevent any party from objecting to such use. If a party receiving
5  CONFIDENTIAL MATERIAL wishes to call such CONFIDENTIAL MATERIAL to the
6  attention of this Court, however, or to direct the attention of this Court to the source thereof,
7  whether on motion or at trial, counsel for such Receiving Party shall take all necessary
8  precautions to submit the CONFIDENTIAL MATERIAL or source of CONFIDENTIAL
9  MATERIAL to the Court under seal pursuant to Civil Local Rule 79-5 and in camera, and will
10 not publicize the CONFIDENTIAL MATERIAL by inclusion in the public record. It shall be
11 the obligation of counsel for the party wishing to so use CONFIDENTIAL MATERIAL to
12 employ the most secure procedures to avoid publication thereof through its inclusion in the
13 public record.

14    15.  Adherence to this Protective Order in no way constitutes an admission by any
15 party that any information provided in this litigation and not subject to this Protective Order is
16 not proprietary or confidential.

17    16.  This Protective Order shall not abrogate or diminish any contractual, statutory or
18 other legal obligation or right of any party or person, nor obligate any party or person to provide
19 any discovery to which it asserts objections.

20    17.  None of the restrictions set forth in this Protective Order shall apply to any
21 information which is acquired in good faith from a third party who is not a party or an employee
22 or former employee of a party to this action and who voluntarily supplies the information, or
23 information which was, is, or becomes public knowledge by means not in violation of the
24 provisions of this Protective Order, and not involving wrongful disclosure by a third party or a
25 party to this action.

26    18.  Within thirty (30) days after termination of this litigation and the expiration of
27 time for all appeals, all originals and copies of CONFIDENTIAL MATERIAL shall be returned
28 to counsel for the respective persons or entities that produced such material. All extracts from

CONFIDENTIAL MATERIAL, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each recipient of the material, and a certificate of their destruction shall be provided to the Designating Party. The termination of proceedings in this action shall not thereafter relieve the parties from the obligation to maintain the confidentiality of all CONFIDENTIAL MATERIAL received pursuant to this Protective Order, including the provisions relating to prosecution of patents set forth in Paragraphs 6.a. and 6.b. With permission in writing from the Designating Party, the receiving party may destroy some or all of the CONFIDENTIAL MATERIAL instead of returning it. Whether the CONFIDENTIAL MATERIAL is returned or destroyed, the receiving party must submit a written certification to the Designating Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day deadline that identifies (by category, where appropriate) all the CONFIDENTIAL MATERIAL that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the CONFIDENTIAL MATERIAL. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain CONFIDENTIAL MATERIAL. Any such archival copies that contain or constitute CONFIDENTIAL MATERIAL remain subject to this Protective Order.

19. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that party may deem appropriate, including but not limited to restrictions on public disclosure or disclosure to competitors.

20. The terms of this Protective Order shall apply to confidential documents or material produced or disclosed by third parties in connection with this action if such third party wishes to designate the document or information CONFIDENTIAL MATERIAL.

21. Each party reserves the right to apply to the Court to modify the terms of this Protective Order in the event that the party believes that it is necessary. In the event such an application is made, all persons described herein shall be bound by this Protective Order until it is modified by the Court.

22. The disclosure of CONFIDENTIAL MATERIAL to any attorney of record shall not prevent or disqualify that attorney of record from representing any party hereto or any non-party in any future litigation.

23. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL MATERIAL to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL MATERIAL, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the ACKNOWLEDGMENT that is attached hereto as Exhibit A.

24. If any party or non-party, having received CONFIDENTIAL MATERIAL, receives a subpoena or other compulsory process from any other person or entity seeking the production of the CONFIDENTIAL MATERIAL produced by the Designating Party, counsel for the Designating Party shall be notified in writing immediately and in no event more than three (3) court days after the receipt of the subpoena or other compulsory process and such notification shall include copies of the subpoena or compulsory process. Absent the consent of the Designating Party, the party or person receiving such subpoena or compulsory process shall refrain to the fullest extent permissible under law from producing the subpoenaed CONFIDENTIAL MATERIAL. The party or person receiving such subpoena or compulsory process also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of

1 | this Protective Order and to afford the Designating Party in this case an opportunity to try to
2 | protect its confidentiality interests in the court from which the subpoena or order issued. The
3 | Designating Party shall bear the burdens and the expenses of seeking protection in that court of
4 | its CONFIDENTIAL MATERIAL, and nothing in these provisions should be construed as
5 | authorizing or encouraging a party to this action to disobey a lawful directive from another court.

IT IS SO ORDERED.

Dated: 1/6, 2006

Honorable Maria-Elena James
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT OF UNDERTAKING RE PROTECTIVE ORDER

I, A. J. Nichols do solemnly swear as follows:

1. My address is 27 Preston Road, Woodside, CA 94062.

2. My present occupation is President of Probitas Corporation.

3. I have received a copy of the Protective Order that was issued by the United States Court for the Northern District of California in the case of Friskit, Inc. v. RealNetworks, Inc. et al, Case No. C-03-05085 (WWS) I have carefully read and understand the provisions of the Protective Order.

4. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any information designated "CONFIDENTIAL," or "CONFIDENTIAL-ATTORNEY EYES ONLY" that I receive in this action, except to the extent that such materials are or become public information in accordance with the Protective Order.

5. I agree I will copy, reproduce, or otherwise duplicate any information designated CONFIDENTIAL-ATTORNEY EYES ONLY, only to the extent required to perform my duties or work in connection with my appointment as an independent expert for the Court.

6. I hereby submit to the jurisdiction of the United States District Court of Northern District of California, San Francisco Division, for the purpose of enforcement of this Protective Order even if such enforcement proceedings occur after the termination of this action.

7. I hereby appoint A. J. Nichols of 27 Preston Road, Woodside, CA 94062 (650-851-4970) as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Executed this sixth day of January 2006, at Woodside, California.

*[signature]*

PROTECTIVE ORDER, CASE NO. 03-05085 (WWS)