IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRISKIT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> REALNETWORKS, INC., and LISTEN.COM., <br><br> Defendants. | No. C 03-5085 WWS (MEJ) <br><br> **ORDER REGARDING JOINT DISCOVERY DISPUTE LETTERS DATED FEBRUARY 10, 2006.** |

Before the Court is parties' joint discovery dispute letters dated February 10, 2006. Specifically, the parties' disputes centers around this Court's December 2, 2005 Order, in which the Court made explicit directives as to Friskit's patent prosecution documents, Friskit's privilege log, and Friskit's production of pre-2000 documents. The Court shall address each issue below.

**I. FRISKIT'S PATENT PROSECUTION DOCUMENTS**

*A. Friskit's failure to Comply with the Court's December 2, 2005 Order*

This particular dispute dates back to August of 2005. Friskit was ordered to produce several patent prosecution materials. Previously, Friskit represented that all materials had been produced while Real contested that fact. On September 16, 2005, Friskit was ORDERED to "provide an explanation as to why certain prosecution documents were not produced." The Court, however, did not receive any explanation as to why those particular documents had not been produced or a certification stating that all the documents had been produced prior to the Joint Letter brief submitted on November 8, 2005.

The Court afforded Friskit another opportunity to produce the patent prosecution documents and certify under penalty of perjury that all documents had been produced. On December 2, 2005, the Court ORDERED the following:

> 1.) Plaintiff is to certify under penalty of perjury that all documents related to patent prosecution have been produced by December 15, 2005.
>
> 2.) If any documents have been withheld, Plaintiff is to provide a privilege log by December 15, 2005.
>
> 3.) The privilege log must comply with the F.R.C.P.
>
> **4.) If the Court does not receive the certification by December 15, 2005, at 5:00 p.m., this Court will impose a sanction of $500.**

On February 10, 2006, the parties' submitted a joint letter brief squabbling over whether Friskit had complied with the Court's orders and produced all the patent prosecution documents. Real conceded that Friskit produced patent prosecution materials and provided a certification by December 15. (Joint Letter Brief, page 2.) However, Real claims that the production was deficient and the privilege log entries for the prosecution documents do not comply with F.R.C.P.

Friskit claims to have complied with the Court's orders and "timely provided the certification, and placed all privileged documents on its privilege log." Friskit produced over 4000 documents pertaining to the prosecution documents.

As an initial matter, Friskit violated the December 2, 2005 Order. The Court never received the certification attesting that all patent prosecution materials have been produced or withheld due to a privilege. This Court specifically stated that a sanction *"will"* be imposed for failure to submit a certification to the Court. Neither the certification nor the privilege log were produced to the Court by December 15, 2005. .

Accordingly, the Court hereby ORDERS the following:

1.) Real's request for further production of patent prosecution materials is hereby DENIED.

2.) Friskit is sanctioned in the amount of $500 for failing to certify that all prosecution documents had been produced in accordance with the December 2, 2005 Order.

3.) Friskit has until Friday, March 9, 2006, at 5:00 p.m. to submit payment to the Clerk of Court.

4.) Friskit has also must submit certification and the privilege log to the Court as soon as

possible but no later than Friday, March 9, 2006.

5.) Failure to submit any one or all of the above provisions as outlined in 2-4 shall result in a further sanctions.

*B. Adequacy of Friskit's privilege log*

The parties now dispute the adequacy of Friskit's entries in the patent prosecution privilege log. Real contends that there are entries that do not comport with the F.R.C.P. Real provides the following example:

> Plaintiff's log contains several entries claiming attorney-client privilege with the author as the law firm "Wilson Sonsini" and the recipient as "File." The description only states "Memorandum to file regarding patent prosecution matters." There is no indiction that this memorandum contains any attorney-client communication at all.

Federal Rule 26(b)(5) provides the appropriate standard when a party withholds information based on a claim of privilege:

> the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Fed.R.Civ.P. 26(b)(5).

According to the Committee Notes in 1993, "the party must also provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection.... [t]he rule does not attempt to define for each case what information must be provided .... [d]etails concerning time, persons, general subject matter, etc. may be appropriate." Fed. R. Civ. P. 26(b)(5) Advisory Committee Notes (1993).

To facilitate determination of privilege claims, courts may require "an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps." *In Grand Jury Investigation* 974 F.2d 1068,1071 (9th Cir. 1992).

Based upon the Fed. R. Civ. P., Advisory Notes, case law, the parties arguments, and the lack of evidence submitted to the Court, the Court hereby ORDERS the following:

1.) As to Friskit's one example, the Court finds the entry adequate.

2.) Friskit is submit to the Court the privilege log by March 9, 2006 at 5:00 p.m. The Court will then review the specific entries 836-839, 841, 843, 848, 858 only.

3

3.) The privilege log should comport with the F.R.C.P. Furthermore, any entry where the recipient or receiver is not an attorney, Friskit is to provide details as to how the privilege applies.

4.) Any violation of the terms and provisions provided for in 1-3 shall result in a further sanctions.

## II. FRISKIT'S PREVIOUSLY AMENDED PRIVILEGE LOG

On November 8, 2005, Real claimed the privilege log Friskit submitted was inadequate. On December 2, 2005, this Court issued the following order:

1.) Defendants' request to waive privilege is hereby DENIED.
**2.) Plaintiffs are to explain why several documents for which an attorney client privilege is being claimed where neither the author nor recipient is an attorney is covered by the privilege.**
**3.) Plaintiffs are to explain why the documents cited by Defendants are claimed to be protected by work product.**
**4.) Plaintiffs are to explain why the documents cited by Defendants fall under the umbrella of "created in anticipation of litigation."**
**5.) These explanation are to be submitted to the Court by December 15, 2005, at 5:00 p.m.**
**6.) If the Court does not receive the explanations by December 15, 2005, at 5:00 p.m., this Court will impose a sanction of $500.**

It is undisputed that Friskit provided explanations. It is also undisputed that these explanations were not submitted to the Court. Therefore, the Court imposes a $500 sanction for Friskit's failure to submit the certification to the Court.

Next, Real contends that the explanations are inadequate because it does not "identify the actual communication for which privilege is claimed, including the identity of those involved in the communications, the date of the communications, and the subject matter of the communications." In contrast, Friskit claims that the privilege log comports with the F.R.C.P.

As previously stated, "[t]he rule does not attempt to define for each case what information must be provided." Fed. R. Civ. P. 26(b)(5) Advisory Committee Notes (1993). The privilege log "shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Fed.R.Civ.P. 26(b)(5). The party must also

4

provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection."Fed. R. Civ. P. 26(b)(5) Advisory Committee Notes (1993).

Real listed Entry #56 as being defective. Real provided a copy of this one entry. The Court finds that this one Entry is sufficient under the rules. However, the Court is unwilling to make a ruling as to the other entries as both parties failed to submit the privilege log to the Court. Accordingly, Friskit is hereby ORDERED to produce the privilege log to the Court by March 9, 2006, at 5:00 p.m. The Court will only review the entries Real listed as defective in the February 10, 2006, joint letter brief. Failure to comply with the Court's order shall result in further sanctions.

**III.  PRODUCTION OF PRE-2000 DOCUMENTS**

On October 6, 2005, this Court ordered Plaintiff to produce pre-2000 documents and to "certify that a document search was performed, and all relevant documents produced, accordingly." The Court never received such certification.

The Court afforded Friskit another opportunity to certify that a document search had been performed and all documents had been produced. On December 2, 2005, the Court ordered the following:

> 1.) Plaintiff is to certify under penalty of perjury that a search for the documents has been completed or produced to the defendant.
> **2.) The certification should be submitted to the Court by December 15, 2005, at 5:00 p.m.**
> **3.) If the Court does not receive the certification by December 15, 2005, at 5:00 p.m., this Court will impose a sanction of $500.**

Again, the Court received no such certification. Therefore, Friskit is hereby sanctioned $500 for failing to submit the certification to the Court.

Next, Real contends that the certification it received from Friskit is defective because the certification does not demonstrate a reasonable search for these documents has been made. The Court disagrees and Real's request is hereby DENIED.

5

## IV. CONCLUSION

The Court ORDERS the following:

1.) Friskit is sanctioned in the amount of $500 for each violation of the December 2, 2005 Order, as fully explained above. Accordingly, Friskit IS ORDERED to submit $1500 to the Clerk of Court by Friday, March 9, 2006, at 5:00 p.m. Failure to do so will result in a further sanctions.

2.) THE COURT ORDERS Friskit to submit certification of the patent prosecution materials and the privilege log pertaining thereto as soon as possible but no later than Friday, March 9, 2006, at 5:00 p.m. Failure to comply with the Court's order shall result in further sanctions.

3.) THE COURT FURTHER ORDERS Friskit to produce the *previously amended* privilege log to the Court by March 9, 2006, at 5:00 p.m. The Court will only review the entries Real listed as defective in the February 10, 2006, joint letter brief. Failure to comply with the Court's order shall result further sanctions.

**IT IS SO ORDERED.**

Dated: March 3, 2006

MARIA-ELENA JAMES
United States Magistrate Judge