IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRISKIT, INC., | No. C 03-5085 WWS (MEJ) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE (DOCKET #255)** |
| vs. | |
| REALNETWORKS, INC., et al., Defendant. / | |

**INTRODUCTION**

On November 8, 2005, the parties submitted a joint discovery dispute letter. (Docket #255.) Real served Friskit with interrogatories regarding the validity and priority dates of Friskit's patents. Specifically, Real requests the Court's assistance with Interrogatory Nos. 18 and 19. Real maintains that Friskit agreed to amend its responses but now reneged on this promise. However, Friskit maintains that it never promised to supplement the responses but to only review them to determine if the responses were sufficient.

Interrogatory No. 18 requested Friskit to provide, in claim chart form, the written description[1], enablement, and best mode support for each of Friskit's asserted patent claims. Interrogatory No. 19 asked Friskit to provide the written description, enablement, and best mode

---

[1] Real and Friskit appear to use the term "written description" to refer to the written description of the invention. But in 35 U.S.C. § 112 the term "written description" covers at least the enablement in addition to the invention. This Court will use "written description of the invention."

1  support in Friskit's provisional application for each asserted claim.  Real maintains that this
2  interrogatory is reasonably calculated to lead to the discovery of admissible evidence regarding the
3  validity of Friskit's patents under 35 U.S.C § 112, paragraph 1.

## DISCUSSION

### A.   APPLICABLE CASE LAW

35 U.S.C. § 112 provides in relevant part:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same[2], and shall set forth the best mode contemplated by the inventor of carrying out his invention.
>
> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

### 1.   Whether 35 U.S.C. § 112, paragraph 1, contain three separate and distinct requirements

Real argues that subsection 112 contains three separate and distinct requirements, written description of the invention, enablement, and best mode.  Real seems to want Friskit to supply separate claim charts for each requirement.  For support, Real relies on Chisum, Patents at § 7.01. Subsection 7.01 states, "the inventor must adequately set forth and describe three items: (1) the invention (the description requirement); (2) the manner and process of making and using the invention (the enablement requirement); and (3) the best mode contemplated by the inventor of carrying out his invention (the best mode requirement)."

According to the Manual of Patent Examining Procedure ("MPEP") Section 2161, "the written description requirement is separate and distinct from the enablement requirement."  MPEP

---

[2] The phrase "the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most clearly connected, to make and use the same" is usually referred to by the term "enablement."

2164 notes that "[d]etailed procedures for making and using the invention may not be necessary if the description of the invention itself is sufficient to permit those skilled in the art to make and use the invention."

In *Lockwood v. American Airlines* 107 F.3d 1565 (1997), the court found "a prior application itself must describe an invention, and do so in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought." *Id*. at 1572. A similar interpretation is taken in *Vas-Cath Inc. v. Mahurkar* 935 F.2d 1555 (1991). The *Vas-Cath* Court stated "[t]he purpose of the [written] description requirement [of section 112, first paragraph] is to state what is needed to fulfill the enablement criteria. These requirements may be viewed separately, but they are intertwined." *Id*. 1563. "The written description must communicate that which is needed to enable the skilled artisan to make and use the claimed invention." *Id*. The Court clearly reaffirmed "that 35 U.S.C. § 112, first paragraph, requires a 'written description of the invention' which is separate and distinct from the enablement requirement. The purpose of the 'written description' requirement is broader than to merely explain how to 'make and use'; the applicant must also convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention. The invention is, for purposes of the 'written description' inquiry, whatever is now claimed." *Id*.

A reasonable reading of 35 U.S.C. § 112 [first paragraph], MPEP 2161, and MPEP 2164, and the applicable case law does not seem to require that the patent specification contain separate descriptions of the invention, the enablement, and the best mode. There are three separate requirements but no requirement for three separate sections. Usually, the written description describes the invention and in the process reveals how to do it and the best mode known to the inventor without separating out these descriptions. Therefore, Real's request for separate claim charts is DENIED.

**2. Whether Friskit is required to produce an element-by-element claim chart**

Real claims that Friskit must produce an element-by-element claim chart to show that each limitation of each claim is satisfied. Real claims that since Fed. R. Civ. P. 26 permits discovery on

3

"any matter, not privileged that is relevant to the claim or defense of any party," Friskit should be required to detail the description, enablement, and best mode for each element of each claim. There is nothing in the Local Rules or Fed. R. Civ. P. that require Friskit to provide a validity claim chart.

35 U.S.C. § 282 states, "[a] patent shall be presumed valid. Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. *Id*. Thus, the burden is on Real to show invalidity for lack of written description of the invention, enablement, or best mode. Real's request that Friskit provide support for every asserted claim is DENIED.

**IT IS SO ORDERED.**

Dated: May 11, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

4