**United States District Court**
For the Northern District of California

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRISKIT, INC., | NO. C 03-05085 WWS |
| Plaintiff, | ORDER DENYING FRISKIT, INC.'S MOTION TO |
| v. | DISQUALIFY HOWREY LLP |
| REALNETWORKS, INC., et al., | |
| Defendants. | |

Plaintiff, Friskit, Inc, moves to disqualify Howrey LLP, one of the two firms representing RealNetworks (Real). According to Mr. George Aposporos, President and CEO of Friskit, on January 16, 2007, he met with Robert Taylor and Henry Su, partners in Howrey's East Palo Alto office, for about two hours in the course of his search for new counsel for Friskit. Taylor may have told him that the discussion was protected by the attorney client privilege. Aposporos disclosed information Friskit considered confidential. During the conference Taylor and Su responded with advice and strategic ideas for Friskit's case. Documents were provided which were part of the public record. Three days later Taylor informed Aposporos that Howrey was in the process of hiring an attorney from Real whose knowledge would make Howrey

subject to disqualification if it represented Friskit. This attorney, David Stewart, as Vice President and Deputy General Counsel at Real, had been working on the Friskit case since its inception, and after moving to Howrey he filed a pro hac vice motion to appear on behalf of Real. Aposporos did not retain the Howrey firm and that firm did not enter into an engagement to represent Friskit. He does not claim that he wanted Howrey to represent him or that he was given assurance that Howrey would be available. *Cf. Kearns v Fred Lavery Porsche Audi Co.*, 745 F.2d 600, 605 (DC Cir. 1984).

Friskit argues that as the result of the brief encounter between Aposporos and Taylor and Su, intended to explore the possibility of retaining the Howrey firm, Friskit became the client of the firm, thus disqualifying it from any representation adverse to its "client" Friskit. This appears to be an extraordinary and unwarranted extension of the duty of loyalty. If the courts were to accept this theory, any firm risks disqualification if it enters into discussions about the possible representation of a potential client. Such discussions in the normal course entail exchanges that involve confidential matters and could be interpreted as giving incidental advice. I have reviewed the cases and find no support for such a sweeping proposition which seems to me to defy common sense.

Howrey does not dispute that Taylor and Su are under a fiduciary obligation to maintain the confidentiality of their communications with Aposporos and are therefore disqualified from participating in the litigation. Both Taylor and Su have filed declarations representing to the Court that they have kept the information received from Aposporos confidential and did not discuss it with anyone other than to determine that Howrey had a conflict precluding representation and as necessary to respond to this motion. As soon as Howrey received notice that Friskit raised an issue of a possible conflict in a May 3, 2007, letter, Howrey circulated a firm-wide memorandum establishing an ethical screen precluding Friskit-related contact between Taylor and Su on one hand and David Stewart and other personnel at Howrey on the other.

The courts have drawn a distinction between the duty of loyalty and the duty of confidentiality. Where, as here, the issue arises because of the attorney's receipt of confidential

information, and not a prior representation, State and Federal courts in California have held that disqualification of a firm is required only where it is the only way to ensure that lawyers will honor their duty of confidentiality. *See, e.*g., *In re County or Los Angeles,* 223 F.3d 990, 996 (9th Cir. 2000). This has not been shown to be such a case. Ethical screens have repeatedly been held to provide sufficient protection in cases involving the duty of confidentiality, rather than the duty of loyalty. *See, e.g.*, *San Gabriel Basin Walter Quality Auth. v. Aerojet-Gen. Corp.,* 105 F. Supp. 2d 1095, 1103 (C.D. Cal. 2000); *Nichols Inc. Diagnostics, Inc. v. Scantibodies Clinical Lab. Inc.*, Civ. No. 02CV0046-B (LAB) (S.D. Cal. Mar. 21, 2002), *aff'd* 37 Fed. Appx. 510, 2002 WL 1334522 (Fed. Cir. 2002).

This is not a case like *Henriksen v. Great Am. Sav. & Loan,* 11 Cal. App. 4th 109, 111-12 (Cal. Ct. App. 1992), and other cases cited involving attorneys switching sides. In such cases, an ethical wall generally does not suffice to protect against a breach of an attorney's ethical obligation. But this is not a case of adverse representation. It involves the receipt of some confidential information by two partners of the firm in the context of a brief, exploratory discussion about a possible engagement of the firm.

Whether to disqualify a firm in a case such as this is a matter within the trial court's discretion. *Gas-A-Tron of Ariz. v. Union Oil Co. of Calif.*, 534 F.2d 1322, 1325 (9th Cir. 1976). Because a motion to disqualify is often tactically motivated and can be disruptive to the litigation process, disqualification is a drastic measure that is generally disfavored and should only be imposed when absolutely necessary. *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 814-15 (N.D. Cal. 2004). Here several factors militate against vicarious disqualification: (1) there is no reason to assume that the ethical wall, voluntarily instituted by Howrey, will not adequately protect Friskit's interest in confidentiality; (2) in balancing the interests of the parties, vicarious disqualification which would prevent Stewart from continuing his participation in this litigation, would prejudice Real's ability to defend the action; and (3) granting disqualification of the Howrey firm has not been shown to be necessary for the fair resolution of the litigation.

1    The motion is denied on the condition that for the pendency of the litigation, Howrey
2 will implement the terms of the memorandum of May 3, 2007 from William R. O'Brien to all
3 personnel. (Ex. 2 to the O'Brien Decl.).

   IT IS SO ORDERED.

DATED:   July 5, 2007         _____
                              WILLIAM W SCHWARZER
                              Senior United States District Judge