IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRISKIT, INC., | NO. C 03-05085 WWS |
| Plaintiff, | ORDER GRANTING GLASER'S MOTION TO INTERVENE AND DENYING HIS MOTION TO DISQUALIFY FOLEY & LARDNER LLP |
| v. | |
| REALNETWORKS, INC., et al., | |
| Defendants. | |

Rob Glaser has moved to intervene for the limited purpose of moving for the disqualification of the law firm of Foley & Lardner LLP (Foley). Glaser is Chairman of the Board and CEO of defendant RealNetworks (Real). He owns 32.4 percent of the outstanding shares of Real stock. On March 6, 2007, he signed a letter engaging the Foley firm as attorneys in a matter pending in the New York court unrelated to the instant litigation. At the time Foley was representing Friskit, plaintiff in this litigation.

Glaser's motion is timely, having been filed within approximately two weeks of the time that he learned of Foley's representation of Friskit. Glaser asserts a protectable interest in the

-1-

duty of loyalty owed him by Foley, and that his own financial interests are at stake in this litigation. *See Arakaki v Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (stating that Federal Rule of Civil Procedure 24 is liberally construed). Because Real is not a Foley client and may lack standing, Glaser's personal interest may not be adequately represented by Real. Glaser's motion to intervene will therefore be granted.

Glaser contends that Foley is violating the duty of loyalty owed to him by representing Friskit in this litigation. He argues that California Rules of Professional Conduct "prohibit lawyers from representing entities that are adverse to *existing clients*" (emphasis added). The question is whether Foley's representation of Friskit is adverse to an existing client. Glaser's motion states that "as of at least March 6, 2007, and continuing through the present, Foley has been simultaneously representing Mr. Glaser and Friskit." The assertion is indisputable but misses the point. There is no evidence that when Foley took on the representation of Friskit, Glaser was an existing client. To the contrary, when Foley took on the representation of Glaser, Friskit was an existing client.

Glaser cites no authority for the proposition that an attorney may be disqualified from representing his existing client on the motion of a later-acquired client. The cases cited do not support such a proposition. In *Flatt v. Superior Court*, the court held that "the requirement of undivided loyalty to the *first* client negates any duty on the part of the attorney to inform the *second* client of the statute of limitations." *Flatt v. Superior Court*, 9 Cal. 4th 275, 278 (1994) (emphasis added). The decision does not deal with disqualification but it reviews at length the cases on conflicting representation. Quoting from the leading case of *Jeffrey v. Pounds*, 67 Cal. App. 3d 6 (Cal Ct. App. 1977), it states that "the decisions condemn acceptance of employment adverse to a client even though the employment is unrelated to existing representation." *Flatt*, 9 Cal. 4th at 287. The court went on to quote from *Anderson v. Eaton,* 211 Cal. 113 (1930): "an attorney is precluded from assuming any relation which would prevent him from devoting his entire energies to his client's interests." *Id.* at 289. It is thus clear that the duty of loyalty runs to the first client and precludes disqualification at the instance of the later-acquired client.

Glaser also cites *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796 (N.D. Cal. 2004), where the court granted a motion to disqualify the firm of Morgan, Lewis & Bockius. The case is distinguishable. Dr. Winchell, who was a partner in Concat, retained attorney Thomas, a partner at Morgan, Lewis for estate planning services. *Id.* at 801. The court found that he had made disclosures to Thomas that were inextricably intertwined with the business and financial matters of Concat. *Id.* at 802. In granting the motion, the court reasoned that

> Morgan, Lewis should have checked for a potential conflict before agreeing to undertake the representation of Unilever. It is at least arguable that, had they done so with sufficient thoroughness, they would have discovered the connection between Thomas and Concat/Chelator, *via* Dr. Winchell.

*Id* at 821. Glaser makes no claim that had Foley checked for a potential conflict before taking on Friskit, it would have discovered a connection with Glaser (who, of course, at the time had not become a client.).

It is implicit under the California cases, and the Rules of Professional Conduct, that the duty of loyalty runs to the existing client, and is not subordinate to any duty owed a later-acquired client. That duty bars the attorney from taking on a representation that conflicts with that of the existing client. To enforce that duty by disqualifying the attorney from representing his existing client would turn the duty of loyalty on its head.

The motion to disqualify Foley is denied.

IT IS SO ORDERED.

DATED: July 5, 2007

_____
WILLIAM W SCHWARZER
Senior United States District Judge

-3-